People v Butts (2019 NY Slip Op 01787)





People v Butts


2019 NY Slip Op 01787


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-06044
 (Ind. No. 9963/16)

[*1]The People of the State of New York, respondent,
v
Dwayne Butts, appellant.


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Thomas M. Ross, and Peter N. Pearl of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Danny K. Chun, J.), imposed May 3, 2017, upon his plea of guilty, on the ground that the sentence imposed was excessive.
ORDERED that the sentence is affirmed.
"A defendant's valid waiver of the right to appeal includes waiver of the right to invoke the Appellate Division's interest-of-justice jurisdiction to reduce the sentence" (People v Lopez, 6 NY3d 248, 255). Here, the defendant's purported waiver of the right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 264). The record does not demonstrate that the defendant understood the distinction between the right to appeal he was asked to give up as a condition of the plea agreement and other trial rights he automatically forfeited upon his plea of guilty (see People v Bratton, 165 AD3d 693). Further, although the defendant signed a written waiver of his right to appeal, the Supreme Court did not ascertain on the record whether the defendant read the written waiver or was aware of its contents (see People v Medina, 161 AD3d 778, 779; People v Brown, 122 AD3d 133, 145). Since the defendant's purported waiver of the right to appeal was invalid, this Court is not precluded from reviewing the defendant's excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., AUSTIN, ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court